Zobel, J.
First of all, on a procedural point, although it is true that the answer was late, it is clear to me from plaintiffs testimony that the question as to when the conversation at issue took place was or should definitely have been in counsel’s mind. Thus I do not regard the late appearance of the Statute of Limitation defense, if that is what it was, as unfairly prejudicing plaintiff.
FINDINGS
I make the following findings by a preponderance of the creditable evidence and the reasonable inferences to be drawn therefrom.
On a date in November of 1990, Mr. Kenichi Yokoyama, at that time an officer occupying a signifi *305 cant position with respect to plaintiff, an employee of Madico Corp. (“Madico”), namely the chairman of Madico’s Board of Directors, was engaged in a conversation with plaintiff.
The evidence permits the inference which I draw, and the finding which I make, that the conversation was not in a social context, but rather a business context, albeit an informal one.
Mr. Yokoyama asked the plaintiff, “Are you married?” Plaintiff replied that she was. Mr. Yokoyama asked plaintiff, “Do you have children?” She replied that she did not. Mr. Yokoyama asked, “Do you plan to have children?”
Plaintiff was born on October 19, 1946, thus at the time of the question, she was past her 44th birthday. Unknown to Mr. Yokoyama, but nonetheless a fact, plaintiff knew that because of certain gynecological problems, she would probably never be able to have children.
Mr. Yokoyama’s question about planning to have children embarrassed and offended plaintiff, making her feel (with justification) violated. She replied, “No sir, I’m too old,” and terminated the conversation.
The evidence permits the inference which I draw, and the finding which I make that plaintiff was not bantering with Mr. Yokoyama, but was rather answering him in a way designed not to show her feelings.
Although I am aware of the principle that isolated rude remarks may not be considered an invasion of privacy, I conclude that certainly by 1990, any reasonable person in Mr. Yokoyama’s position should have known that an employer’s questioning an employee as to whether the employee intended to have children (particularly an employee who, I may say with no disrespect to plaintiff, did not appear younger than her age), would be regarded as highly offensive.
It is, in my judgment, immaterial that Mr. Yoko-yama did not report this matter to anyone else. The invasion of privacy occurred when he asked the question in the context in which he asked it.
I therefore find that Mr. Yokoyama improperly invaded plaintiffs privacy.
This does not end the matter, however. There remains the question of the timing of the episode. Plaintiff was unable to date the conversation definitely, although she believed it to have taken place in the late part of November 1990, probably around November 24 (her husband’s birthday) or Thanksgiving. I take judicial notice that Thanksgiving 1990 fell on November 22.
The date is significant because this action was commenced November 15, 1993.1 am unable, on the basis of plaintiffs testimony, to conclude when the event occurred. The other participant in the conversation, Mr. Yokoyama, who is a defendant and still an officer of the defendant corporation, did not testify, either in person, by conventional deposition, or by video.
Counsel suggested to me that the expense of bringing him to Massachusetts, given the uncertainty of a Superior Court trial schedule, justified his non-appearance.
It is, however, a commonplace in the Superior Court that when an essential witness must come into Massachusetts, particularly from overseas, counsel requests, and are given, a date certain, so that they can make appropriate plans.
Furthermore, counsel made no suggestion as to why, if Mr. Yokoyama, as I was told, appears in the United States several times annually, he could not have given a video deposition during one of his other visits to this country.
I have discussed Mr. Yokoyama’s absence not because I have drawn from it any inferences favoring plaintiff, but because I wish to make clear my rejection of the purported rationalization of his failure to testify.
At any rate, I conclude that the conversation took place at some point in the period 1987-1990; more probably true than not during November 1990. The credible evidence permits no greater precision.
If the three-year Statute of Limitations applied, I would, being unable to say that the conversation took place after November 15, 1990, have to rule plaintiffs claim untimely.
However, I believe that the controlling principle in this case is not the Statute of Limitations, but rather the equitable concept of laches. I believe that any delay in filing the complaint was minimal, and that on the evidence defendants suffered no prejudice.
Defendants were aware, as early as April or May 1990, that plaintiff was accusing Mr. Yokoyama of having made the statement which is the subject of this litigation. They learned this through the Answers to Interrogatories which plaintiff filed with the Massachusetts Commission Against Discrimination in a proceeding involving defendant Madico, Inc. which plaintiff had initiated.
Thus I conclude that the action was timely brought. As I have already concluded that liability attaches, there remains the question of damages, an issue which in a matter of this sort is always difficult. Among the factors that I have taken into account are the injury to plaintiffs feelings. In this particular I may say that I regard the applicable principle to be that a defendant takes a plaintiff as it finds her. That is to say, although Mr. Yokoyama was unaware of plaintiffs gynecological and emotional history with respect to the issue of childbearing, he is nonetheless to be held responsible for the effect which his words had on this particular individual.
I also have taken into account the need to limit the penalty to compensatory damages. The statute giving *306 the Court jurisdiction over claims for invasion of privacy confers no authority to award punitive damages. Thus, the damages I allow are entirely compensatory.
I believe an award of $5,000 damages appropriate under the circumstances, bearing in mind that the figure pertains exclusively to the invasion of privacy. In ascertaining a fair figure, I have noted that the wrongful act was but a single remark, not a series of offensive statements.
Were I empowered to award punitive damages, I would have doubled the award to $10,000. But, as I say, I believe I am not authorized to do that, so judgment will enter on this part of the claim for $5,000, plus interest and costs.
ORDER
Accordingly, it is Ordered, that Judgment enter forthwith, in the form stated in this Court’s Memorandum and Order of even date.